James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

A. Clifford Edwards
Triel D. Culver
EDWARDS, FRICKLE & CULVER
1648 Poly Drive, Suite 206
Billings, Montana 59102
Telephone: (406) 256-8155
Facsimile: (406) 256-8159
*(To be admitted Pro Hac Vice)*

*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JAN 28 PM 3:46

STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TYLER ROWE,<br><br>Plaintiff,<br><br>vs.<br><br>HELMERICH & PAYNE INTERNATIONAL DRILLING CO.,<br><br>Defendant. | Civil Action No. 19cv19-R<br><br>**COMPLAINT** |

Plaintiff Tyler Rowe for his Complaint against Defendant, alleges and states as follows:

**PARTIES, JURISIDICTION, AND VENUE**

1.  Plaintiff Tyler Rowe was a resident and citizen of Wyoming at the time he was injured and is currently a resident of Wellington, Colorado.

1

2. Defendant Helmerich & Payne International Drilling Co. ("H&P") is a profit corporation, formed in Delaware with its principal place of business located at 1437 Boulder Ave., Tulsa, OK 74119.

3. This Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different states and the amount in controversy for the injuries to Mr. Rowe substantially exceeds seventy-five thousand dollars ($75,000.00).

4. Venue is proper in the District of Wyoming under 28 U.S.C. § 1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the District of Wyoming.

5. In compliance with Wyo. Stat. Ann. § 27-14-105(b), copies of this Complaint have been served, by certified mail, return receipt requested, on the Attorney General of the State of Wyoming and the Director of the Worker's Compensation Division, Department of Employment.

**GENERAL ALLEGATIONS**

6. This case arises out of a near fatal injury to Tyler Rowe on May 4, 2018, at a drilling rig owned and operated by Defendant H&P (the "Drilling Rig").

7. The Drilling Rig was located on a well site owned and operated by EOG Resources, Inc., located near Wright, Wyoming in Campbell County at Township 41N, Section 11, Range 73W, GPS Coordinates 43.53359-105.60116, and known as Ballista 204-1102H (the "Well Site").

8. Upon information and belief, EOG contracted with Defendant H&P to extract oil at the Well Site. EOG was on location at the Well Site and had supervisory control over the operations thereon at the time Tyler Rowe's injury occurred.

9. Upon information and belief, EOG and/or Defendant H&P subcontracted with TRK Enterprises, Inc. ("TRK") to provide casing services at the Well Site.

10. Casing a well involves running steel pipe down the inside of a recently drilled well to prevent the well from collapsing. The casing is fabricated in sections that are linked or screwed together to form casing strings.

11. On May 4, 2018, Tyler Rowe was an employee of TRK Enterprises, Inc. and working at the Well Site to case the well.

12. The casing is placed into the well hole by the driller using a device called a Top Drive system. The Top Drive lifts a section of casing and places it in a vertical position above the well hole.

13. On the date in question, a driller employed by Defendant H&P was operating the Top Drive system.

14. A Casing Running Tool ("CRT") was used in conjunction with the Top Drive system at the Well Site. The CRT weighs approximately 400 pounds.

15. The CRT was connected to the Top Drive system and moved up and down with the Top Drive.

16. Tyler Rowe was a casing hand. Part of his job was to help put the casing into the hole by standing on the drilling rig floor and guiding the casing into position.

17. The CRT was suspended high above the drilling rig floor. While Tyler Rowe was standing on the drilling rig floor, the H&P driller, without warning and in complete violation of safety and industry standards, improperly caused or allowed the CRT to fall approximately 50 to 60 feet until it hit Tyler Rowe.

18. The falling CRT struck Tyler Rowe with great force such that it shattered Tyler Rowe's forehead, broke his jaw, fractured his right femur, and inflicted a traumatic brain injury.

19. Tyler Rowe was rendered unconscious by the impact and further placed in a six day medically induced coma.

## FIRST CLAIM FOR RELIEF: NEGLIGENCE

20. All of the allegations contained in the preceding paragraphs of this Complaint are incorporated by reference herein as if the same were set forth in full.

21. Defendant H&P had a duty to Tyler Rowe to operate the Top Drive and CRT using reasonable care and pursuant to rules, regulations, and industry standards.

22. Defendant H&P breached its duties to Tyler Rowe by failing to supervise and operate the Top Drive system and CRT in a reasonable manner.

23. As a direct and proximate result of the negligence and willful and wanton misconduct of Defendant, Defendant is liable for damages sustained by Plaintiff Tyler Rowe that are more specifically set forth below and incorporated herein by this reference.

## DAMAGES

24. All of the allegations contained in the preceding paragraphs of this Complaint are incorporated by reference herein as if the same were set forth in full.

25. As a direct and proximate result of the negligence, carelessness, willful and wanton, and reckless misconduct of Defendant H&P, Tyler Rowe sustained the following injuries and damages:

   a. Disabled and forced to suffer impaired strength and earning capacity, and rendered unable to engage in his regular trade or occupation since May 4, 2018;

   b. Loss of past, present and future wages and income;

   c. Required to take numerous drugs and medications to alleviate pain and suffering;

d. Forced to incur substantial medical and associated expenses in the past and will, of necessity, incur many medical and associated expenses in the future;

e. Suffered a great deal of mental pain and anguish and will continue to suffer therefrom for an undetermined length of time;

f. Forced to endure, and is continuing to endure physical pain and suffering;

g. Suffered muscular, orthopedic and neurological deficits and suffered a loss of health and ability to enjoy life as a whole;

h. Suffered scarring and disfigurement;

i. Lost earning capacity;

j. Vocational impairment and vocational rehabilitation expenses;

k. Physical disability; and

l. Exemplary or punitive damages for the reckless, willful, wanton and/or intentional conduct.

**NOTIFICATION TO STATE WORKER'S COMPENSATION DIVISION**

26. All of the allegations contained in the preceding paragraphs of this Complaint are incorporated by reference herein as if the same were set forth in full.

27. Tyler Rowe was employed by TRK Enterprises Inc. at the time of his injury and has received medical and wage benefits from the Wyoming Workers' Compensation Division. TRK is immune from suit; however, the third party named in this suit has no such immunity under Wyo. Stat. § 27-14-104 and Plaintiff Tyler Rowe affirmatively alleges that Defendant H&P is not entitled to immunity provided virtue of Wyo. Stat. § 27-14-104.

28. Contemporaneously herewith and in accordance with the Wyoming Statutes, Plaintiff has caused this Complaint to be served on:

Michael J. Finn
Senior Assistant Attorney General
2320 Capitol Avenue
Cheyenne, WY 82002

Wyoming Department of Workforce Services
1510 East Pershing Blvd, Cheyenne Business Center
Cheyenne, WY 82002

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyler Rowe prays for judgment in his favor and against Defendant H&P as follows:

    a.    Past, present and future economic damages, including but not limited to, medical and rehabilitation expenses, out-of-pocket costs, caretaking expenses, loss of past, present and future income, and loss of earning capacity;

    b.    Past, present and future non-economic damages, including past and future pain and suffering, loss of enjoyment of life, inconvenience, annoyance, emotional distress, mental suffering and anguish;

    c.    Physical impairment and disfigurement;

    d.    For exemplary or punitive damages;

    e.    For costs and interest as allowed by law; and

    f.    All further relief as the Court deems just, reasonable and proper.

DATED this 28th day of January, 2018.

James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

-and-

A. Clifford Edwards
Triel D. Culver
EDWARDS, FRICKLE & CULVER
1648 Poly Drive, Suite 206
Billings, Montana 59102
Telephone: (406) 256-8155
Facsimile: (406) 256-8159
(*To be admitted Pro Hac Vice*)